UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11543-RGS

RONALD L. JOHNSON

v.

DEVAL L. PATRICK, MAUREEN WALSH,
MARK A. CONRAD, DORIS DOTTRIDGE,
CANDICE KOCHIN, PAMELA LOMBARDINI,
THOMAS F. MERIGAN, and DEBORAH MCDONAGH.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

July 7, 2011

STEARNS, D.J.

Plaintiff Ronald L. Johnson is serving a life sentence as a result of a 1964 conviction for first-degree murder. Under the state commutation guidelines that were in effect prior to 1987, the Advisory Board of Pardons evaluated petitions for commutation based, in part, on a prisoner's responsible use of rehabilitative programs, including furloughs. At that time, Mass. Gen. Laws ch. 127, § 90A and 103 CMR 463.00, et. seq. (the Department of Correction regulations), make inmates serving life sentences for first-degree murder eligible for furloughs. From approximately 1973 to 1987, Johnson accumulated over 2900 furlough hours. *See* Compl. ¶ 46. On December 30, 1987, the Department of Correction changed its policy and inmates

serving life sentences for first-degree murder became ineligible for furloughs. The new state commutation guidelines eliminated the use of furloughs as a consideration in granting a commutation of sentence.

Johnson filed this action under 42 U.S.C. § 1983 against defendants Maureen Walsh, Mark A. Conrad, Doris Dottridge, Candice Kochin, Pamela Lombardini, Thomas F. Merigan, and Deborah McDonagh (Parole Board Members), and Governor Deval L. Patrick, challenging the constitutionality of the post-1987 state commutation process. Specifically, Johnson alleges that the state laws, regulations, and procedures barring inmates serving life sentences from furloughs amount to an *ex post facto* enhancement of his sentence and deprive him of a liberty interest without due process. Johnson seeks a declaratory judgment, as well as a permanent injunction, ordering the Massachusetts Parole Board to grant him an immediate commutation hearing in accordance with the laws, regulations, and guidelines in effect at the time of his conviction. Johnson also seeks money damages against all defendants.

## DISCUSSION

The Eleventh Amendment to the United States Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. "The Supreme Court . . . has expanded the doctrine of sovereign immunity beyond the literal words of the Eleventh Amendment, holding that state governments, absent their consent, are not only immune from suit by citizens of another state, but by their own citizens as well." *Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 529 n.23 (1st Cir. 2009), citing *Alden v. Maine*, 527 U.S. 706, 728-729 (1999). Under the Eleventh Amendment, a State, its agencies, and agency officials acting in their official capacities are not "persons" for purposes of section 1983, and therefore are not subject to suit for money damages in the federal courts without the State's consent or the abrogation of State sovereignty by Congress acting under its Fourteenth Amendment powers. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-67 (1989); *Lopes v. Commonwealth*, 442 Mass. 170, 175 (2004); *Laubinger v. Dep't of Revenue*, 41 Mass. App. Ct. 598, 601-602 (1996). The scope of any alleged waiver of immunity is construed strictly in favor of the sovereign. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). The Commonwealth has not consented to being sued for money damages in either the federal courts or in its own courts under section 1983. *See Woodbridge v. Worcester State Hosp.*, 384 Mass. 38, 44-45 (1981). *Cf. Commonwealth v. ELM Med. Labs., Inc.*, 33 Mass. App. Ct. 71, 76-77 (1992) (same, State Civil Rights Act).

While the Eleventh Amendment prevents the bringing of a suit against a State

in federal court, it does not prohibit suits against State officers acting in their official capacity when a party seeks prospective equitable relief from a continuing violation of federal law. *See Green v. Mansour*, 474 U.S. 64, 68 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908). However, the Eleventh Amendment does not give federal courts jurisdiction to award injunctive relief against State officials based on violations of state law. *See Pennhurst Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 106 (1984). Accordingly, Johnson's claims for damages and injunctive relief against all of these defendants must be dismissed.[1]

### ORDER

For the foregoing reasons, Johnson's Complaint is <u>DISMISSED</u> with prejudice. The Clerk will now close the case.

SO ORDERED.
/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[1] An alternative basis for dismissal is the three-year statute of limitations on Johnson's § 1983 claim. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (Section 1983 claims are governed by the applicable state statute of limitations pertaining to personal injury); Mass. Gen. Laws ch. 260, § 2A (in Massachusetts, the statute of limitations for personal injury claims is three years from the date of accrual of the cause of action). Johnson's cause of action accrued on December 30, 1987, the date on which a moratorium on all furloughs for prisoners serving life sentences was imposed. *See* Compl. ¶ 46. Johnson filed his Complaint on September 14, 2009.